**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| ARKANSAS UNITED and L. MIREYA REITH | |
| Plaintiffs, | |
| v. | |
| JOHN THURSTON, in his official capacity as the Secretary of State of Arkansas, SHARON BROOKS, BILENDA HARRIS-RITTER, WILLIAM LUTHER, CHARLES ROBERTS, JAMES SHARP, and J. HARMON SMITH, in their official capacities as members of the Arkansas State Board of Election Commissioners, and RENEE OELSCHLAEGER, BILL ACKERMAN, MAX DEITCHLER, and JENNIFER PRICE in their official capacities as members of the Washington County Election Commission, RUSSELL ANZALONE, ROBBYN TUMEY, and HARLAN STEE in their official capacities as members of the Benton County Election Commission, and DAVID DAMRON, LUIS ANDRADE, LEE WEBB, and MEGHAN HASSLER in their capacities as members of the Sebastian County Election Commission | Case No. 5:20-cv-05193-PKH |
| Defendants. | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I.   INTRODUCTION

1.      This is an action to enforce the voter assistance provisions of the federal Voting Rights Act of 1965, 52 U.S.C. § 10508.

2.      Section 208 of the federal Voting Rights Act of 1965 provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may

be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 52 U.S.C. §10508.

3.     For voters who are limited English proficient, Section 208 ensures meaningful access to the franchise by permitting these voters to bring assistors with them into the polling place to provide help in reading, marking and casting the ballot.

4.     The Arkansas Election Code conflicts with the voter assistance provisions of the Voting Rights Act by prohibiting voters from choosing an assistor who has already helped six other voters during an election -- a restriction not contained in the Voting Rights Act. *See* Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(19) and 7-1-103(b)(1).

5.     The voter assistance restrictions in the Arkansas Election Code particularly burden limited English proficient voters, who often rely on help from others to read and cast English-language ballots, by limiting the number of available assistors.  The voter assistance restrictions in the Arkansas Election Code also burden individuals who provide voting assistance to limited English proficient voters by subjecting individual assistors to criminal prosecution and penalties for exceeding the 6-person limit.  Furthermore, the voter assistance restrictions in the Arkansas Election Code prevent community organizations from carrying out their work to promote voting and force those organizations to divert resources away from critical tasks in order to recruit, train and compensate additional assistors.

6.     Because they conflict with federal law and burden the fundamental right to vote, Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(19) and 7-1-103(b)(1) are illegal and unconstitutional.  Plaintiffs, a non-profit membership organization and its executive director, seek injunctive relief directing Defendants and all persons acting in concert with them to

refrain from denying voters who qualify for assistance under Section 208 the assistors of their choice simply because those assistors have already helped other voters.

## II.      JURISDICTION AND VENUE

7.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' causes of action under the laws of the Constitution of the United States. This Court has original jurisdiction over Plaintiffs' request for declaratory and injunctive relief under 28 U.S.C §§ 2201 and 2202. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## III.      PARTIES

8.      Plaintiff ARKANSAS UNITED is a non-profit membership organization located in Springdale, Arkansas and founded in 2010.   Plaintiff ARKANSAS UNITED advocates for immigrant populations in the state and works to ensure that immigrants in Arkansas have the information and capacity to become full participants in the state's economic, political and social processes.   Plaintiff ARKANSAS UNITED educates immigrants about the voting process and provides assistance to limited English proficient voters in reading, marking and casting their ballots in the polling place.

9.      Founded in 2010, Plaintiff ARKANSAS UNITED assists and advocates for members of the immigrant community in the state.   As part of its mission, Plaintiff ARKANSAS UNITED works to ensure that immigrants in Arkansas have the information and resources they need to become full participants in the state's economic, political and social life.

10.         Plaintiff ARKANSAS UNITED is a dues paying membership organization.   Members have access to all services provided by the organization, and they have the right to vote annually on the organizational advocacy platform.   Currently, Plaintiff ARKANSAS UNITED has approximately 800 members.   Membership fees are $20 for individuals, and $50 for

a family of 4 or more.  Plaintiff ARKANSAS UNITED also offers memberships to businesses through *Conexciones a Negocios Latinos* and has about 40 dues-paying business members.

11.      Plaintiff ARKANSAS UNITED offers services to its members including:  individual, administrative and legislative advocacy; family-based legal services; regional immigrant resource centers in Springdale and Little Rock; Community Navigators in 10 communities in Arkansas working in partnership with local service providers to connect qualified immigrants to private and public assistance programs; and specialized navigation for Hispanic businesses (through *Conexciones a Negocios Latinos*/Latino Business Connections) and Hispanic parents (through *Alas*/Wings).

12.      Plaintiff ARKANSAS UNITED engages about 100,000 Arkansans, and directly assists about 20,000 Arkansans every year through various services.

13.      Plaintiff L. MIREYA REITH  ("MIREYA REITH") is the founder and executive director of Plaintiff ARKANSAS UNITED.   As part of her job responsibilities, Plaintiff REITH works on ARKANSAS UNITED's Get Out the Vote efforts and has assisted limited English proficient voters in the polling place.  The Arkansas voter-assistance restrictions expose Plaintiff REITH to criminal prosecution and penalties for assisting more than 6 limited English proficient voters as their chosen assistor and impose greater burdens on her as Executive Director of Plaintiff ARKANSAS UNITED as she is forced to make greater efforts to recruit, train and compensate additional assistors for limited English proficient voters and to divert her organization's resources to address the voter assistance restrictions.

14.      Defendant JOHN THURSTON is the Secretary of State of Arkansas and is sued in his official capacity. He is the chief election official of the State of Arkansas.  In his capacity  as Secretary of State, Defendant THURSTON oversees the State's Elections Division which, in

addition to maintaining the state's election records, assists county officials with conducting federal, state and district elections. Defendant THURSTON also serves as the chairperson and secretary of the Arkansas State Board of Election Commissioners, which has broad statutory authority to administer and ensure compliance with Arkansas election law.

15.     Defendants SHARON BROOKS, BILENDA HARRIS-RITTER, WILLIAM LUTHER, CHARLES ROBERTS, JAMES SHARP, and J. HARMON SMITH are members of the Arkansas State Board of Election Commissioners (the "State Election Board") and are sued in their official capacities. The State Election Board is responsible for, among other duties, providing statewide guidance and training to election officers and county election commissioners, monitoring election law-related legislation, promulgating "necessary rules to assure even and consistent application of voter registration laws and fair and orderly election procedures," and assisting county election commissions in election administration. According to the State Election Board website, it "conducts and coordinates statewide training of county election commissioners and election officials" and "monitors compliance by local election authorities with federal and state election laws." The Board issues a manual of procedures for county election commissions as well as additional training materials for election officials.

16.     Defendants RENEE OELSCHLAEGER, BILL ACKERMAN, MAX DEITCHLER, and JENNIFER PRICE are members of the Washington County Election Commission and are sued in their official capacities. The Washington County Election Commission is responsible for, among other duties, ensuring "compliance with all legal requirements relating to the conduct of elections" and exercising "its duties consistent with the training and materials provided by the State Board of Election Commissioners."

17.     Defendants RUSSELL ANZALONE, ROBBYN TUMEY, and HARLAN STEE are members of the Benton County Election Commission and are sued in their official capacities. The Benton County Election Commission is responsible for, among other duties, ensuring "compliance with all legal requirements relating to the conduct of elections" and exercising "its duties consistent with the training and materials provided by the State Board of Election Commissioners."

18.     Defendants DAVID DAMRON, LUIS ANDRADE, LEE WEBB, and MEGHAN HASSLER are members of the Sebastian County Election Commission and are sued in their official capacities. The Sebastian County Election Commission is responsible for, among other duties, ensuring "compliance with all legal requirements relating to the conduct of elections" and exercising "its duties consistent with the training and materials provided by the State Board of Election Commissioners."

## IV.     FACTS

19.     The last day to vote in the 2020 General Election in Arkansas is Tuesday November 3, 2020. Early voting continues through Monday, November 2, 2020. Offices on the ballot include President of the United States, U.S. Senator, U.S. Representative, State Senator, State Representative, Justice of the Supreme Court, local offices and state constitutional amendments.

20.     Each year, thousands of immigrants in Arkansas become naturalized U.S. citizens and become eligible to vote.[1]

21.     Approximately 83,000 Latinos are eligible to vote in Arkansas.[2]

---

[1] "Profiles on Naturalized Citizens: 2018 State," U.S. Department of Homeland Security, available at https://www.dhs.gov/profiles-naturalized-citizens-2018-state (last visited 11/1/20).
[2] "Mapping the Latino Electorate," Pew Research Center, available at https://www.pewresearch.org/hispanic/interactives/mapping-the-latino-electorate/iframe/ (last visited 11/1/20).

22.     In order to vote, many limited English proficient voters, including members of the Arkansas Latino community, require assistance reading, marking and casting their English-language ballots.  Although some jurisdictions in the United States are required by federal law to provide election materials and voter assistance in languages other than English, none of these jurisdictions are located in the State of Arkansas.[3]

23.     As a result, many Arkansas voters who are limited English proficient must bring someone to the polling place to help them read, mark and cast their ballots.

24.     Plaintiff ARKANSAS UNITED, through its staff and volunteers, has assisted and will assist limited English proficient voters in casting their ballots in the 2020 General Election.

25.     Plaintiff MIREYA REITH has assisted and will assist limited English proficient voters in casting their ballots in the 2020 General Election.

26.     Plaintiffs offer assistance at polling places across Arkansas.  Employees and volunteers of Plaintiff ARKANSAS UNITED, including Plaintiff MIREYA REITH, accompany limited English proficient voters into the polling place where they provide assistance to the voters with checking in, receiving the ballot, and reading, marking, and casting the ballots.

**Relevant law**

---

[3] *See* "Voting Rights Act Amendments of 2006, Determinations Under Section 203," U.S. Department of Commerce, available at https://www.justice.gov/crt/file/927231/download (last visited 11/1/20).

27.     The federal Voting Rights Act establishes the right of every limited English proficient voter to bring an assistor of his or her choice into the voting booth, as long as the assistor is not the voter's employer or union representative.  *See* 52 U.S.C. §10508.

28.     The Arkansas Election Code imposes voter assistance restrictions, which make it a Class A misdemeanor to assist more than 6 voters in an election.   In Arkansas, a Class A misdemeanor is punishable by up to a year in jail and a fine of up to $2,500.

29.     The relevant statutes are:

(i)     Arkansas Election Code § 7-5-310(b)(4)(B), which provides: "No person other than [a poll worker or a county clerk] shall assist more than six (6) voters in marking and casting a ballot at an election."

(ii)     Arkansas Election Code § 7-5-310(b)(5) which provides:  "It shall be the duty of the poll workers at the polling site to make and maintain a list of the names and addresses of all persons assisting voters."

(iii)     Arkansas Election Code §§ 7-1-103(a)(19)  and 7-1-103(b)(1), which provide: "No person shall . . . [p]rovide assistance to a voter in marking and casting the voter's ballot except as provided in 7-5-310 . . . Except as otherwise provided, the violation of any provision of this section shall be a Class A misdemeanor."

30.     The County Election Commissions review the lists of assistors created by poll workers and may refer assistors who exceed the 6-voter limit for prosecution pursuant to Arkansas Election Code §§ 7-5-310(b)(4)(B) 7-1-103(a)(19) and 7-1-103(b)(1).[4]

---

[4] FAQs, Arkansas State Board of Election Commissioners, available at
https://www.arkansas.gov/sbec/faqs/#Polling%20Places (last visited 11/1/20).

31.     Thus Plaintiffs must either limit the number of voters whom they help or risk criminal prosecution.

<u>**Plaintiff ARKANSAS UNITED Mission and Outreach Efforts**</u>

32.     Since its incorporation in 2010, Plaintiff ARKANSAS UNITED has operated non-partisan voter registration and Get Out the Vote campaigns in Arkansas.  Its activities include phone banking, door-to-door canvassing and texting within the immigrant and Latino communities.  Plaintiff ARKANSAS UNITED educates immigrants about the voting process through outreach events, material dissemination, social media and collaborations with ethnic media.

33.     Plaintiff ARKANSAS UNITED promotes its Get Out the Vote message through Spanish language media.  It also sends text messages to a list of 6,000 people through the OutVote App and frequently posts on Facebook.  Plaintiff ARKANSAS UNITED also has incorporated voter education information into all of its other community outreach, including outreach related to COVID-19 and its legal services work.

34.     Plaintiff ARKANSAS UNITED, through the coordinated work of staff and volunteers, also assists limited English proficient voters in reading and casting their ballots at the polls, provides car rides to the polls, operates a local Spanish-language hotline for voters, and facilitates bilingual voter protection volunteers in coordination with other nonprofits.

35.     As an organizing and membership organization, Plaintiff ARKANSAS UNITED uses its staff and also recruits volunteers and coordinates partners to support Get Out the Vote activities targeting Hispanic and Asian American voters in Arkansas.

36.     Many of the voters Plaintiff ARKANSAS UNITED assists are elderly and require both translation/interpretation and literacy assistance or are otherwise limited English proficient

individuals.  In the past, Plaintiff ARKANSAS UNITED has assisted voters in the polling place who cannot read (are illiterate) because the communities that it serves have a variety of educational and literacy levels.

37.     As a non-profit organization, Plaintiff ARKANSAS UNITED relies primarily on grants and donations to fund its work.  Plaintiff ARKANSAS UNITED is usually able to secure only one to three grants from foundations for its Get Out The Vote program.  Plaintiff ARKANSAS UNITED also solicits donations of "core," also known as unrestricted, funding to support its civic engagement efforts from various funders but this type of unrestricted funding is very difficult to secure.

38.     Plaintiff ARKANSAS UNITED has never received funding to support its assistance to limited English proficient voters in casting their ballots at the polling place.  Because of the state law restrictions on voter assistance, in order to assist limited English proficient voters in casting their ballots at the polling place, Plaintiff ARKANSAS UNITED devotes funds and staff which would normally be dedicated to other activities.  When Plaintiff ARKANSAS UNITED does not use its resources and staff time efficiently because of the state law restrictions on voter assistance, it has less resources and staff time available for other critical Get Out the Vote activities, including phone banking, canvassing and other direct work with voters.

39.     Because of the state law restrictions on voter assistance, Plaintiff ARKANSAS UNITED is thwarted in its ability to fulfill its mission of helping Latinos and immigrants engage in the political process and vote.  Plaintiff ARKANSAS UNITED's assistors are prohibited from helping more than 6 voters each and the demand for assistors exceeds the capacity of Plaintiff ARKANSAS UNITED to meet that need within the constraints imposed by the Arkansas Election Code.

40.     In order for Plaintiff ARKANSAS UNITED to provide election-related services during high-demand periods, it must hire or reassign staff members to work on its Get Out the Vote efforts.  Without this state law restriction on voter assistance Plaintiff ARKANSAS UNITED would be able to reach more of its members and provide both election information and continuous services in its other program areas.

41.     Members of Plaintiff ARKANSAS UNITED include limited English proficient voters who rely on assistors of their choice, including staff and volunteers of Plaintiff ARKANSAS UNITED, to help them read, mark and cast their ballots in the polling place.  These members who are limited English proficient voters include new citizens and others who fear making a mistake when filling out their ballots.  Securing help in voting from trusted assistors of their choice enables these members of  Plaintiff ARKANSAS UNITED, and other limited English proficient voters, to cast an informed and meaningful vote.

### Intimidation Efforts Aimed at Plaintiff ARKANSAS UNITED

42.     In the November 3, 2020 General Election, Plaintiff ARKANSAS UNITED has already faced official intimidation while attempting to assist Latino and immigrant voters.

43.     Plaintiff ARKANSAS UNITED planned to set up an information table for voters on October 29, 2020 in the City of Fort Smith.  Plaintiff ARKANSAS UNITED planned to set up the information table in Martin Luther King Park near the polling place at the Elm Grove Community Center.  The purpose of the table was to provide information to voters, including that there was language assistance available to limited English proficient voters who wanted help casting their ballots inside the polling place.

44.     However, on October 27, 2020, Plaintiff ARKANSAS UNITED received a call from the Sebastian County Election Commission.  The caller said that the Commission was aware

of Plaintiff ARKANSAS UNITED's plans to set up a table and that Plaintiff ARKANSAS UNITED's services were not needed because the county would handle the provision of language services to voters.  The caller then told Plaintiff ARKANSAS UNITED to stay away from the polling place.

45.     Plaintiff ARKANSAS UNITED decided to continue with its plans to set up an information table at Martin Luther King Park.  However, instead of setting up the table 120 ft. away from the Elm Grove polling place as originally planned, Plaintiff ARKANSAS UNITED set up the table even further away, about 150 ft. from the polling place, out of worry over the recent call by the County Election Commission.  This diminished Plaintiff ARKANSAS UNITED's ability to reach and assist voters.

46.     Furthermore, when Plaintiff ARKANSAS UNITED volunteers arrived at the park and began to host the information table, a poll worker came out to the polling place parking lot and yelled in the direction of the volunteers of Plaintiff ARKANSAS UNITED who were speaking to Latino voters gathered at the information table. The poll worker yelled that everyone had to leave because loitering was not permitted in front of a polling place.  The Plaintiff ARKANSAS UNITED volunteers, who were aged 16 and 20, feared that the poll worker would call the police to arrest the volunteers if they stayed.  The volunteers were so worried that they called Plaintiff MIREYA REITH, the Executive Director of Plaintiff ARKANSAS UNITED, and asked for her to join them, which she did after driving over an hour from Springdale to Fort Smith.

47.     On that day, Plaintiff ARKANSAS UNITED assisted only one voter in casting a ballot in the polling place.  When the ARKANSAS UNITED volunteer entered the polling place with the voter, the volunteer saw no ballot translations or bilingual poll workers as promised by the Sebastian County Election Commission.

**Harms to Plaintiffs**

48.     Plaintiff ARKANSAS UNITED is harmed by Defendants' enforcement of the Arkansas Election Code voter assistance restrictions.  Plaintiff ARKANSAS UNITED is forced to divert resources away from other critical tasks to recruit, train and pay more assistors for limited English proficient voters than it would if its assistors could assist more than 6 voters in an election.

49.     Plaintiff ARKANSAS UNITED provides a myriad of other resources to its members, including legislative advocacy; family-based legal services; regional immigrant resource centers; Community Navigators for immigrants; and specialized navigation for Hispanic Businesses and Hispanic Parents. It is these programs that lose resources, as well as Get Out the Vote activities, when Plaintiff ARKANSAS UNITED must divert resources to its voter assistance work because of the state law voter assistance restrictions.

50.     The Arkansas voter assistance restrictions make the work of Plaintiff ARKANSAS UNITED to help the Latino and immigrant community vote very difficult because they thwart its mission and force it to divert resources away from critical tasks in order to recruit, train and deploy more assistors.  The Arkansas voter assistance restrictions also injure Plaintiff ARKANSAS UNITED's limited English proficient members, who are denied the right to vote using the assistor of their choice.  Because of the Arkansas 6-voter limit for assistors, Plaintiff ARKANSAS UNITED will have to turn away members who need help casting their ballots on Election Day.

51.      In addition, Plaintiff ARKANSAS UNITED staff and volunteers, including its executive director, face criminal prosecution and penalties for assisting more than 6 voters in an election.

52.     Plaintiff ARKANSAS UNITED's limited English proficient members must seek out assistance, both to be informed, and to vote. The Arkansas voter assistance restrictions not

13

only prevent Plaintiff ARKANSAS UNITED from fulfilling its mission of promoting immigrant political participation and providing assistance to immigrant voters, the Arkansas voter assistance restrictions prevent Plaintiff ARKANSAS UNITED's members from voting with the assistors they need and want.

53.     On Election Day, Plaintiff ARKANSAS UNITED will be inundated with requests for assistance from limited English proficient voters. But, because key staff will reach their limit of assisting six voters, Plaintiff ARKANSAS UNITED will have to turn away voters requesting assistance because it lacks capacity.

54.     MIREYA REITH is harmed by the enforcement of the Arkansas Election Code voter assistance restrictions.  As part of her duties as Executive Director of Plaintiff ARKANSAS UNITED, MIREYA REITH works on the organization's Get Out the Vote initiatives, including providing language services for limited English proficient users.  Plaintiff Mireya Reith faces criminal prosecution and penalties for assisting more than 6 voters in this election.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### SUPREMACY CLAUSE OF THE U.S. CONSTITUTION

55.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

56.     The U.S. Constitution's Supremacy Clause provides:  "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."  Article VI, Paragraph 2 of the U.S. Constitution.

57.     Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(19), and 7-1-103(b)(1) conflict and interfere with Section 208 of the federal Voting Rights Act of 1965, 52 U.S.C. §10508, and thus violate the Supremacy Clause.

58.     Defendants' denial of necessary assistance to voters from the assistors of their choice, as provided for in Section 208 of the Voting Rights Act, violates the Supremacy Clause and harms Plaintiffs.

## SECOND CAUSE OF ACTION

## SECTION 208 OF THE FEDERAL VOTING RIGHTS ACT OF 1965, 52 U.S.C. §10508

59.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

60.     Section 208 of the Voting Rights Act provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 52 U.S.C. §10508.

61.      Section 208 establishes the right of a limited English proficient voter to bring a person of his or her choice to assist him or her in voting even if that assistor has assisted more than 6 voters.

62.     Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(19), and 7-1-103(b)(1) violate Section 208 of the Voting Rights Act, 52 U.S.C. §10508, by denying voters, including members of Plaintiff ARKANSAS UNITED, the right to use assistors of their choice to vote when those assistors have already helped six voters.

63.     Defendants' denial of necessary assistance to voters from the assistors of their choice violates Section 208 of the Voting Rights Act and harms Plaintiffs.

15

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

1.  A declaratory judgment that Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(20) and 7-1-103(b)(1) are unconstitutional and illegal because they violate the U.S. Constitution's Supremacy Clause and Section 208 of the Voting Rights Act;

2.  An injunction prohibiting Defendants and their officials, employees, and agents from implementing or enforcing Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(20) and 7-1-103(b)(1);

3.  An injunction requiring Defendants to develop and implement a remedial plan to ensure that voters are permitted to use assistance from persons of their choice when they cast their ballots, in compliance with Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.

4.  An order awarding Plaintiffs costs and attorney's fees under 42 U.S.C. § 1988, 52 U.S.C. §10310(e), and any other applicable law;

5.  Such other and further relief as this Court deems just and proper.

Dated: November 2, 2020                      Respectfully submitted,

*/s/ Lawrence Walker*
Lawrence Walker
AR Bar No. 2012042
John W. Walker, P.A.
1723 Broadway
Little Rock, AR  72206
Tel: (501) 374-3758
Facsimile: (501) 374-4187
lwalker@jwwlawfirm.com

MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND

Griselda Vega Samuel*
IL State Bar No. 6284538
Francisco Fernandez del Castillo*
NY State Bar No. 977575
11 E. Adams, Suite 700
Chicago, IL 60603
Phone: (312) 427-0701
Facsimile: (312) 427-0691
Email: gvegasamuel@maldef.org
Email: ffernandez-delcastillo@maldef.org

Nina Perales*
TX State Bar No. 24005046
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

ATTORNEYS FOR PLAINTIFFS

**\*Pro hac vice applications forthcoming**

17

## VERIFICATION

I, Lesley Mireya Reith, a citizen of the United States and resident of the State of Arkansas, am a plaintiff in this action.  I have read the foregoing Verified Complaint and declare under penalty and perjury under the laws of the United States of America that the foregoing facts are correct and true to the best of my knowledge and belief and that, those factual matters that are stated upon information and belief are believed by me to be true.

Lesley Mireya Reith