IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ARKANSAS UNITED and L. MIREYA REITH<br><br>           Plaintiffs,<br><br>  v.<br><br>JOHN THURSTON, in his official capacity as the Secretary of State of Arkansas, SHARON BROOKS, BILENDA HARRIS-RITTER, WILLIAM LUTHER, CHARLES ROBERTS, JAMES SHARP, and J. HARMON SMITH, in their official capacities as members of the Arkansas State Board of Election Commissioners, and RENEE OELSCHLAEGER, BILL ACKERMAN, MAX DEITCHLER, and JENNIFER PRICE in their official capacities as members of the Washington County Election Commission, RUSSELL ANZALONE, ROBBYN TUMEY, and HARLAN STEE in their official capacities as members of the Benton County Election Commission, and DAVID DAMRON, LUIS ANDRADE, LEE WEBB, and MEGHAN HASSLER in their capacities as members of the Sebastian County Election Commission<br><br>           Defendants. | Case No. 5:20-cv-05193-TLB |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**

**MOTION TO DISMISS OF BENTON COUNTY ELECTION COMMISSIONERS**

   Plaintiffs Mireya Reith and Arkansas United (hereinafter "Plaintiffs") hereby respond to the Motion to Dismiss filed by Defendants Russell Anzalone, Robbyn Tumey, and Harlan Stee (hereinafter "Defendants"). Defs.' Mot. Dismiss (ECF 59). Plaintiffs respectfully request that the Court deny Defendants' motion because it relies on the wrong legal standard and because it misrepresents the well-pleaded facts.

## APPLICABLE LEGAL STANDARD

A motion to dismiss under 12(b)(6) is generally disfavored by courts. *Stephenson v. United States*, 961 F. Supp. 221 (W.D. Ark. 1996); *Z.J. v. Kansas City*, No. 4:15-CV-00621-FJG, 2016 WL 4126569, at *2 (W.D. Mo. Aug. 2, 2016). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Moreover, dismissal under Rule 12(b)(6) is not appropriate when a plaintiff pleads sufficient facts "to state a claim to relief that is plausible on its face[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

## FACTUAL BACKGROUND

Plaintiffs incorporate by reference all factual allegations alleged in their complaint. Compl. (ECF 2); *see also* Fed.R.Civ.P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

## ARGUMENT

Defendants enforce the voter-assistance restriction that Plaintiffs challenge. Defendants argue that they are not proper parties to this action because their actions in enforcing the voter-assistance restriction are only ministerial. Benton Cty's Br. Supp. Mot. Dismiss (ECF 60) at 1-2. In other words, the case against them should be dismissed because Defendants are just following orders. That argument is unavailing. Whether or not the challenged provision affords Defendants discretion in enforcement is irrelevant to the question whether Defendants are proper parties.

In their motion, Defendants concede that they have a "duty" to "comply with Federal and Arkansas laws which they receive guidance and direction on from the State defendants[.]" *Id.* at 2.  Defendants further do not contest that they "[e]nsure compliance with all legal requirements relating to the conduct of elections" as required by Arkansas Election Code, including ensuring compliance with the provision challenged by Plaintiffs. *See* Arkansas Election Code § 7-4-107(a)(1).  In addition to enforcing the Arkansas Election Code, Defendants conduct local elections including allocating ballot boxes for voting on paper ballots, allocating voting systems, selecting and appointing poll workers, and maintaining records of all funds received and expended for conducting elections. *Id.*  After the election, Defendants "can review the List of Persons Assisting Voters from all the polling locations.  If it is believed that a person may have assisted more than six (6) voters, [Defendants] can submit that information and any evidence to the Prosecuting Attorney."[1]

Defendants argue that because they are required by law to perform their duties, they should not be sued for performing required acts.  However, a defendant is a proper party when he enforces a contested statutory provision. *281 Care Committee v. Arneson*, 638 F.3d 621, 631 (8th Cir. 2011) ("When a statute is challenged as unconstitutional, the proper defendants are the officials whose role it is to administer and enforce the statute."); *Harkless v. Brunner*, 545 F.3d 445, 455-458 (6th Cir. 2008) (state defendant was a proper party to an action brought under the National Voter registration act when she had the authority under state and federal law to enforce the contested provision); *Conchatta Inc. v. Miller*, 458 F.3d 258, 261 n.1 (3d Cir. 2006) (police commissioner was an appropriate defendant because "enforcement of the relevant statutory

---

[1] FAQs, Arkansas State Board of Election Commissioners, available at
https://www.arkansas.gov/sbec/faqs/#Polling%20Places (last visited 11/24/2020).

provisions is entrusted to . . . a division of the Pennsylvania State Police."); *Arkansas Right To Life State Political Action Comm. v. Butler*, 972 F. Supp. 1187, 1191 (W.D. Ark. 1997) ("When a plaintiff seeks a declaration that a particular statute is unconstitutional, the proper defendants are the government officials charged with administering and enforcing the statute."). Because the commissioners enforce the challenged provision in Benton County, they are proper parties.

In carrying out their duties, Defendants injure Plaintiffs. *See Nat'l Ass'n for Advancement of Colored People v. Phillips Cty. Election Comm'n of Phillips Cty.*, No. 2:05CV000195 JMM, 2006 WL 156988, at *1 (E.D. Ark. Jan. 18, 2006) (rejecting defendant County Election Commission's argument that it is not a proper party because its duties are purely ministerial in nature); *Allen v. Lincoln Cty. Election Comm'n*, 789 F. Supp. 976 (E.D. Ark. 1992) (County Election Commission was proper party in action to enforce the federal Voting Rights Act); *Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist. No. 1*, 560 F. Supp. 876, 878 (E.D. Ark. 1983) (rejecting the State Board of Education's argument that it is not a proper party and finding that Board "has carried out its duties in a manner resulting in [harm to the plaintiff]."); *Mosier v. Robinson*, 722 F. Supp. 555 (W.D. Ark. 1989) (county was proper defendant where county official carried out his duties in a way that resulted in harm to the plaintiff). When Defendants enforce the six-person maximum on voter assistance, Plaintiffs must divert resources away from other critical Get Out the Vote efforts (including phone banking, canvassing and other direct work with voters) in order to recruit, train and pay more assistors for limited English proficient voters than would otherwise be necessary. Compl. (ECF 2) ¶ 38.

Although Defendants claim that Plaintiffs agree that their acts are "ministerial," that claim mischaracterizes the Complaint. *See e.g.* Defs.' Br. Supp. Motion Dismiss at 1. Although the Arkansas State Board of Election Commissioners provides guidance to Defendants in the

form of manuals and training, as the local officials who conduct elections Defendants are responsible for carrying out and enforcing the challenged provisions on voter assistance and are proper parties.

## **CONCLUSION**

For the reasons stated, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss.

Dated: December 4, 2020

Respectfully submitted,
*/s/ Lawrence Walker*
Lawrence Walker
AR Bar No. 2012042
John W. Walker, P.A.
1723 Broadway
Little Rock, AR  72206
Tel: (501) 374-3758
Facsimile: (501) 374-4187
lwalker@jwwlawfirm.com

MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND

Griselda Vega Samuel
IL State Bar No. 6284538
Francisco Fernandez del Castillo
NY State Bar No. 977575
11 E. Adams, Suite 700
Chicago, IL 60603
Phone: (312) 427-0701
Facsimile: (312) 427-0691
Email: gvegasamuel@maldef.org
Email: ffernandez-delcastillo@maldef.org

Nina Perales
TX State Bar No. 24005046
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 4, 2020, a copy of the above Plaintiff's Response to Defendants Motion to Dismiss was filed electronically in compliance with Local Rule 5.2. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested.

/s/ Griselda Vega Samuel
Griselda Vega Samuel
ATTORNEY FOR PLAINTIFFS