IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ARKANSAS UNITED
and L. MIREYA REITH                                                    PLAINTIFFS

VS.                           NO.  5:20-cv-05193-TLB

JOHN THURSTON, et al                                                  DEFENDANTS

BRIEF IN SUPPORT OF SEPARATE COUNTY DEFENDANTS'
JOINT MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

The Plaintiffs filed their Complaint in this case on November 11, 2020, alleging that a provision(s) of the Arkansas Election Code (specifically, the provision limiting those providing assistance to limited English proficient voters to assisting only 6 voters in each election) is in conflict with the U.S. Constitution and the federal Voting Rights Act and must be struck down by the Court.  Doc. # 2.  In addition to suing various State officials and employees, the Plaintiffs also sued Benton, Sebastian, and Washington Counties ("Separate County Defendants").  *Id.; see also infra* discussion of official capacity pleading.

For the reasons set forth herein, the Separate County Defendants are entitled to summary judgment as a matter of law.

## II.  ARGUMENT

In their Complaint, the Plaintiffs allege that a provision in Arkansas law which purports to limit private individuals form assisting more than 6 voters in the ballot box at any single elction, is illegal and unconstitutional. In addition to suing the State of Arkansas through claims against various State-affiliated officials, the Plaintiffs have also sued three Arkansas Counties.

Page 1 of 9

In their Complaint, the Plaintiffs actually purport to sue 11 County Defendants in three distinct groups: (1) Renee Oelschlaeger, Bill Ackerman, Max Deitchler, Jennifer Price (all Washington County election commissioners and/or county officials or employees), (2) Russell Anzalone, Robbyn Tumey, Harlan Stee (all Sebastian County election commissioners and/or county officials or employees), David Damron, Luis Andrade, Lee Webb, and Meghan Hassler (all Benton County election commissioners and/or county officials or employees). The Plaintiff sued all 11 of these County Defendants in their official capacities only, however.

It is well-settled that a suit against a county official or employee, in her official capacity, is the equivalent of a suit against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978).

In short, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. At 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). In fact, when officials of a county die or leave office, their successors *automatically* assume their roles in the litigation. *See Hafer*, 502 U.S. at 25 (citing Fed. R. Civ. Proc. 25(d)(1); Fed. Rule App. Proc. 43(c)(1); and S. Ct. Rule 35.3). Furthermore, multiple official capacity claims against officials and employees of the same entity are legally identical and redundant, such that the dismissal of one precludes further litigation of any of the others. *See Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007), *cert denied*, 554 U.S. 902.

In the end, then, the only County Defendants actually sued in this case are Benton County, Sebastian County, and Washington County.

## Summary Judgment Standard

"Summary judgment is appropriate when there is no dispute between the parties as to any genuine issues of material fact and when the moving party is entitled to a judgment as a matter of law." *Get Away Club, Inc. v. Coleman*, 969 F.2d 664 (8th Cir. 1992). All facts and inferences are looked at in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

### A.    No Jurisdiction

The Court lacks jurisdiction of the Plaintiffs' claim(s) against the Separate County Defendants because those claims have not ripened (and will, apparently, never ripen) into a justiciable case or controversy. "The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." *KCCP Trust v. Cty of North Kansas City*, 432 F.3d 897, 899 (quoting *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005). The Constitution restricts federal courts to deciding cases and controversies. *KCCP Trust*, 432 F.3d at 899.   "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Id. (citing *Texas v. United States*, 523 U.S. 296, 300 (1998). In evaluating the ripeness of a claim, the court must examine the fitness of issues sought to be decided and the hardship inflicted upon the parties should the court withhold consideration of the issue. *Texas*, 523 U.S. at 300. The Eighth Circuit has determined that a party seeking relief must satisfy both ripeness prongs at least to a minimal degree. *Public Water Supply Dist. No. 10 of Cass County, Mo. V. Cty. of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003).

### 1.    No Hardship to Plaintiffs

The Plaintiffs cannot demonstrate that they will suffer any hardship if this Court withholds consideration on its request for relief (i.e., an injunction) against Benton, Sebastian, and Washington counties. The 'hardship' prong in a ripeness evaluation relies on this Court finding that Arkansas United has either sustained a direct injury, or is in an immediate "danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Cty. of Peculiar, Mo.*, 345 F.3d at 573. The Plaintiff's injury must be impending. *Id*. A speculative injury is insufficient to establish a claim as ripe. See *Id*.

In *Cty of Peculiar*, the Eight Circuit held a plaintiff's claim failed to satisfy the "hardship prong because its injury [was] speculative." *Cty. of Peculiar, Mo.*, 345 F.3d at 573. *Peculiar* centered on a public water district's allegations that the city of Peculiar had attempted to dissolve the water district illegally. The court in *Peculiar* found the claim to be speculative, in part, because the city was not in control of dissolving the water district under Missouri law. *Id*. Rather, that authority was vested in the citizens of the water district. *Id*. The court also noted that there was no contention "that the District is suffering an injury now." *Id*.

Here, like in *Peculiar*, Arkansas United has not made any contention that an impending injury will result should this court forgo enjoining the Separate Defendants. Moreover, the Arkansas election law does not vest county Election Commissions with the authority to deviate from the six voter assistance limit embedded in Arkansas law. The Arkansas State Board of Election Commissioners, on the other hand, is vested with statutory authority to administer and ensure compliance with the Arkansas Election Code; however, they too lack the authority to deviate from the six voter requirement under Arkansas law. Arkansas United's claim against Separate Defendant's Benton, Sebastian, and Washington County is not ripe for adjudication

because it has not demonstrated an impending injury will occur if this Court withholds consideration on an injunction.

Any possible injury to Arkansas United would solely result from the six person requirement embedded in the Arkansas Election Code; Reith's own statements acknowledge this much. In response to the question, "So what would fix this problem that you are addressing this lawsuit?, Reith responded, "For us, striking down the six person requirement. . ." Ex. 1, Reith Dep. 71:12-19. Reith expressly acknowledged that this Court striking down six person requirement would remedy her injury. Ex. 1, Reith Deposition, p. 69:3-6.   Moreover, Plaintiff Reith stated that the Separate Defendant's wrongdoing in this matter was following state election law. Ex. 1, Reith Deposition, p. 86:11-17. Reith's own statements unequivocally demonstrate that neither she, nor Arkansas United, will suffer any actual hardship should this Court withhold consideration on her claim for an injunction. A ruling from this Court striking down the statutes at issue will operate precisely in the same manner as an injunction would, and thus, her claim(s) for an injunction against the Separate County Defendants are not ripe for adjudication. Arkansas United has failed to satisfy the 'hardship prong' because there will be no hardship to them should this Court withhold consideration on the injunction and only adjudicate the constitutionality of the statue at issue. This is so because a ruling finding the statutes at issue as unconstitutional will operate exactly the same as an injunction would, which is in the best interest of an efficient administration of justice.

The facts of this case are different from those in *281 Care Committee v. Arneson*, 638 F.3d 621 (8th Cir. 2011), a First Amendment challenge on which the Court premised its jurisdiction over the Separate County Defendants in a previous order.   The *Arneson* case held that injuries that First Amendment case were not too speculative "because plaintiffs' alleged

injury ha[d] already occurred and w[ould] continue to occur at defined points." *Arneson*, 638 F.3d at 631. That is not the case here. The Counties being sued have not injured the Plaintiffs in any way and there is not impending injury from these Defendants unless defiance of a court order by public is assumed. Such assumption would not only be false (these Counties will follow this Court's orders), but entirely speculative.

As a final note, the Plaintiffs cannot establish a ripe claim as against these three counties because the purported avenue of redressability that they seek (an injunction requiring these Counties to follow an order of this Court that has not yet been issued) would not redress their complaints in any substantive way. This is true because all 75 counties would be legally required to follow this Court's order; whether it strikes down the 6-voter limit or not; as such, an injunction would only work a redundant requirement that would place the three Defendant Counties in the same position (i.e., required to follow this Court's order) that they would occupy (1) if they were not Defendants in this case and/or (2) if they were not enjoined by Court order. Under these facts, the Plaintiffs cannot establish a hardship in the absence of an injunction - since the result would be the same - and their claim against the Separate County Defendants is not ripe.

### 2.    County Issues Not "Fit" for Judicial Decision Now

In addition to establishing a hardship in the absence of requested relief, a reviewing court must evaluate the "fitness of the issues for judicial decision." *Texas*, 523 U.S. at 300. The 'fitness prong' depends on whether the issue "would benefit from further factual development." *Cty. of Peculiar, Mo.*, 345 F.3d at 573. "The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." *Id.*

Here, Plaintiff's claim is entirely premised and dependent on the sequential occurrence of at least two speculative, contingent future possibilities, namely, (1) that the Court will strike down the 6-voter limit in Arkansas law and, then, (2) that each County will continue to enforce the limit in defiance of the Court's order. Regardless of the resolution of the first of these two occurrences, there is absolutely no proof to show that any of the Defendant Counties would defy the Court's order in this case. To the contrary, Plaintiff Reith conceded this point in her deposition testimony, agreeing that she had no reason to believe that any of the County Defendants would not follow the Court's order. Ex. 1, Reith Deposition, p. 69:3-6.

In the end, the Plaintiffs have expressly sued the Separate County Defendants for "following the law" and, yet, must establish that they would do the opposite if the Court struck down the challenged provision of Arkansas election law. Even if the Court were inclined to speculate that these three Counties would defy the Court's ultimate order (they will not and there is no evidence to suggest that they would), an injunction would offer no additional redress to the Plaintiffs that would add to the force of the Court's order, which would effectively enjoin all 75 Arkansas Counties. As such, the Plaintiffs' claim(s) against the Separate County Defendants is not ripe and should be dismissed.

### B.      No Violation

Even if the Plaintiffs' Complaint stated a justiciable claim against the Separate County Defendants, they could not establish a violation of their rights - under the Supremacy Clause or the Voting Rights Act, the two legal bases for the Plaintiff's Complaint in this case. To the contrary, the Plaintiffs have conceded that they are suing all of the Separate County Defendants in this case precisely because "[t]hey followed the law." Ex. 1, Reith Deposition, p. 71. They claim that this kept them from assisting more than 6 voters, but admit that they did not attempt to

employ any of their agents, employees, and/or volunteers to assist more than 6 voters in the 2020 election. Ex. 1, Reith Deposition, p. 55. Importantly, this was not due to any acts or omissions by the Separate County Defendants, but based on their understanding of state law. Ex. 1, Reith Deposition, p. 55. The Plaintiff's also concede that, even if a county election official had affirmatively invited any of the Plaintiffs' agents, employees, and/or volunteers to assist more than 6 voters on election day in 2020, the Plaintiffs would have declined the invitation in in order to follow the law. Ex. 1, Reith Deposition, p. 68.

In the end, the Plaintiffs entire case against the Separate County Defendants is that they "followed the law." Plaintiff Reith did not testify that any acts or omissions of the Separate County Defendants caused the Plaintiffs to refrain from assisting more than 6 voters; to the contrary, she testified that they did so based on their understanding of state law. In fact, Plaintiff Reith conceded that there was nothing these three County Defendants could have done to avoid being sued in this case, as the Plaintiffs would have refused an affirmative invitation from any of the Counties to assist more than 6 voters. In short, the Plaintiffs have not established, and cannot establish, that the Separate County Defendants did anything wrong or that there was anything they could have done to avoid being sued. Under any theory, civil liability simply cannot be imposed for "following the law" and certainly cannot be imposed where it is indisputably unavoidable. As such, the Defendants are entitled to summary judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth herein, the Separate County Defendants are entitled to, and respectfully request, summary judgment as a matter of law.

Respectfully submitted,

Renee Oelschlaeger, Bill Ackerman, Max Deitchler, and Jennifer Price, in their official capacities, *Separate Washington County Defendants*

By:      /s/ Brian Lester
Brian Lester, # 2007036
WASHINGTON COUNTY ATTORNEY
280 N. College Avenue, Suite 500
Fayetteville, AR 72701
Telephone (479) 444-1700
Facsimile (479) 445-6939
Email blester@co.washington.ar.us

&

Russell Anzalone, Robbyn Tumey, and Harlan Stee, in their capacities as Members of the Benton County Election Commission, and David Damron, Luis Andrade, and Lee Webb in their capacities as Members of the Sebastian County Election Commission, and Meghan Hassler, in their official capacities,
*Separate Benton and Sebastian County Defendants*

By:      /s/ Jason E. Owens
Jason E. Owens, #2003003
Brooklyn Parker, #2016152
JASON OWENS LAW FIRM, P.A.
1023 Main Street, Suite 204
Conway, Arkansas  72032
Telephone (501) 764-4334
Facsimile (501) 764-9173
Email: owens@jowenslawfirm.com