## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**ARKANSAS UNITED**
**and L. MIREYA REITH**                                                                                      **PLAINTIFFS**

**V.**                                    **CASE NO. 5:20-CV-5193**

**JOHN THURSTON**, in his official capacity
as the Secretary of State of Arkansas;
**SHARON BROOKS, BILENDA HARRIS-RITTER,**
**WILLIAM LUTHER, CHARLES ROBERTS,**
**JAMES SHARP, and J. HARMON SMITH,**
in their official capacities as members
of the Arkansas State Board of Election Commissioners;
**RENEE OELSCHLAEGER, BILL ACKERMAN,**
**MAX DEITCHLER, and JENNIFER PRICE,**
in their official capacities as members
of the Washington County Election Commission;
**RUSSELL ANZALONE, ROBBYN TUMEY,**
**and HARLAN STEE,** in their official capacities as members
of the Benton County Election Commission;
**DAVID DAMRON, LUIS ANDRADE, and LEE WEBB,**
in their official capacities as members of the Sebastian
County Election Commission; and **MEGHAN HASSLER,** in
her official capacity as Election Coordinator for the
Sebastian County Election Commission                                                                   **DEFENDANTS**

### AMENDED[1] JUDGMENT

For the reasons set forth in the Court's Memorandum Opinion and Order filed today, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The six-voter limit at § 7-5-310(b)(4)(B) of the Arkansas Code is **DECLARED** to be preempted by § 208 of the VRA. Sections 7-1-103(a)(19)(C) and 7-1-103(b)(1) of the Arkansas Code are also **DECLARED** to be preempted by § 208 to the extent they are used to enforce criminal penalties for violations of § 7-5-310(b)(4)(B).

---

[1] The Court has amended this Judgment for the reasons stated in the Court's order issued on September 7, 2022, granting the State Defendants' Motion to Clarify.

2. The Court hereby **PERMANENTLY ENJOINS** all Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcing § 7-5-310(b)(4)(B), or otherwise engaging in any practice that limits the right secured by § 208 of the Voting Rights Act based on the number of voters any individual has assisted, and from enforcing §§ 7-1-103(a)(19)(C) and 7-1-103(b)(1) to the extent they are used to enforce criminal penalties for violations of § 7-5-310(b)(4)(B).

3. The State and County Defendants are **ORDERED** to inform their staff to cease enforcement of § 7-5-310(b)(4)(B) in advance of the 2022 General Election, and the members of the State Board of Election Commissioners are **FURTHER ORDERED** to send a memorandum to all county election boards in Arkansas setting forth the Court's rulings, including that the six-voter limit has been declared invalid under federal law, **no later than September 16, 2022**. Any Defendant that intends to use the Assisted Voter Card or equivalent document to track voter assistors in future elections is **ORDERED** to remove from that document any reference to the six-voter limit at § 7-5-310(b)(4)(B). In all future elections after the 2022 General Election, Defendants are **ORDERED** to update all trainings, manuals, websites, and any materials given to voters or voter assistors to remove any reference to the six-voter limit at § 7-5-310(b)(4)(B).Plaintiffs have 14 days from today to file a motion for attorneys' fees.

**IT IS SO ORDERED** on this 7th day of September, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE